Curia, per

O’Neall, J.
These cases arise under the Act of 1812, and depend upon its construction. They make one ground common to both, which is that “the challenge, to be punishable, must be to fight a duel within this State.” 5th Stat. at Large, 671. This ground will be first considered and disposed of, as its decision will decide Cunningham’s case.
The Act of 1812 was not very artificially drawn. It was the first attempt made , in the Legislature of South Carolina to arrest the practice of duelling. It of course encountered many covert prejudices, and the pens most skillful in the preparation of Acts of the Legislature were withheld from the noble and philanthropic service which was then tendered to them. The work was left to be perfected by a physician unskilled in the law, but his heart bled for suffering humanity, and with that singleness of heart and purity of purpose, which never fails to do good, Dr, *253 Philip Moser originated, sustained and carried through the Act of 1812.
An Act thus originating, may well be supposed to be deficient in technical precision ; but it is our business to see that it is so construed, “ut res magis valeat quam, pereat”
The Act is entitled, according to its intent, “to suppress the pernicious practice of duelling,” and although it is high - ly penal in its provisions, and is therefore to be construed strictly, yet by a strict construction, I do not understand that we are to hunt for some recondite meaning of its words or provisions, which in nine cases out of ten will make it a perfectly dead letter. Instead of that, it is to be construed fairly, so as to promote the intent of the Legislature, and yet not subject any one to punishment by a strained construction. According to this rule, duelling is to be suppressed, if the Legislature has used such words, and made such provisions, as can fairly have that meaning and effect.
The Act makes four distinct offences : 1st; To fight a duel. 2d. To send, give or accept a challenge. 3d. To cause a challenge to be sent, given or accepted; and, 4th. to bear such challenge as a second, or to be in any way concerned in any duel fought or to be fought.
The first provision is, “if any person resident in or being a citizen of this State, shall fight a duel.” This describes the offence prohibited; it is, “to fight a duel;” but to be punishable by our law, it must, according to the course of the common law, be a duel fought within the State. The words of the enactment are broad enough to make a duel fought any where, by a citizen and resident of this State, punishable, and perhaps the generality of this provision was intended to be met by the disfranchisement with which offenders were proposed to be visited'. For the present, however, it is unnecessary to look further at that provision, it will, hereafter, in some of its incidents, be considered more particularly.
The second offence under the Act is thus described, “if any person resident in or being a citizen of this State, shall send, give or accept a challenge to fight a duel within this State.” It is contended that the words “within this State” apply to the duel to be fought, and not to the send *254 ing, giving or accepting the challenge. But this, I think, is. plainly a false reading of the Act. When the intent is plain, to effect it we are at liberty to transpose words and even parts of sentences. Here it is only necessary to place “within the State,” in the beginning instead of at the end of the clause, and the whole difficulty is obviated. The clause should read, “if any person resident in or being a citizen of this State, shall, within this State, send or give or accept a challenge to fight a duel.” This construction sustains the purposes of the Act, is not at war with the grammatical construction, and is the precise popular meaning of such a sentence as this clause in the Act of 1812. It is, therefore, legitimate and consistent with legal rule, that it should be read as I have suggested.
In addition to this, it may be remarked that such a construction is aided by the third provision, which declares if any person resident in or being a citizen of this State, shall cause any such challenge to be sent, given, or accepted, within this State, or within the limits of the United States, he shall incur the penalties of the Act. Any such challenge, means plainly a challenge to fight a duel. Taking this as the clear meaning of the words used, it follows that in terms the Legislature have declared the causing of a challenge to fight a duel, to be given, sent or accepted, within this State, to be an offence punishable by the Act. This being so, it would seem to follow, that two offences differing in only a slight shade in the manner of perpetration, would not be distinguished by any thing else in the definition.
The next ground to be considered is the first in Yancey’s case. It raises the question, do the words “any person resident in or being a citizen of this State,” apply both to the bearer of the challenge, and the challenger, so that in describing the offence of the former, the latter should be described as “resident in or being a citizen of this State'?”
The first answer to this question, and that which is most satisfactory to my mind, is that the words quoted are not a part of the statutory definition of the offence, and need not be set out in the indictment at all. For they are merely descriptive of the person who shall be amenable to our courts for violating this Act. The act to be done, fighting *255 a duel, sending or bearing a challenge, is the offence pointed out. As well might it be said that the words “any free white person,” being a distiller, vendor, &c. were parts of the definition of the offence created by the Act of ’34; yet it was held-in the case of the State vs. Schroder, 3d Hill, 64, that it was wholly unnecessary to set out that such distiller, vendor, <fec. was a “free white person.” It was said in that case upon the point under consideration, “the words objected to, do not enter into the statutory definition of the offence, they are merely descriptive of the person by whom the offence may be committed, and unless there is some ■uncertainty whether the defendant be liable to receive judgment on conviction, there can be no necessity to use them.” According to this rule, and my previous reasoning, there is no necessity to charge in the indictment, that B. C. Y. being resident in and a citizen of the State of South Carolina, did bear a challenge to fight a duel, from J. C. a resident in and being a citizen of the State of South Carolina. It is sufficient to describe the parties without such addition. But according to the authority cited, there is a test which at once removes all difficulty. After conviction, is there any uncertainty whether the defendant be liable to receive judgment'? Here, as well as in that case, there is no uncei’tainty upon conviction, that the defendant is liable to judgment. For if the non-residence in this State, or want of citizenship, of his principal, had appeared in proof, it would have made the question, in fact, whether he could be convicted of bearing the challenge of one not amenable to our jurisdiction; but after conviction, the simple inquiry is, is the bearing within this State of a challenge to fight a duel, by one who, by his plea of not guilty, has admitted the jurisdiction and offence, punishable by our Act'? The bearing within this State, of a challenge to fight a duel, no matter by whom sent, is an offence. For the Act not only declares the seconds of a resident in or citizen of this State, who sends a challenge, to be liable to punishment, “but all and every other person or persons directly or indirectly concerned in fighting any duel, or sending, giving, accepting or carrying any such challenge.”
But if the words “resident in or being a citizen of this State,” are at all to be noticed in framing an indictment, it *256 can only be necessary to use them as applying to the person charged with the commission of the offence presented by the indictment. For if it be alleged, as is done in the indictment before us, that the defendant, a resident in and being a citizen of this State, did, in this State, bear a challenge to fight a duel, it states a violation of the provisions of the Act of 1812, according to its letter, ana hence judgment must follow.
The 3d ground of Yancey’s motion, (hat the challenge set out, is not a challenge to fight a duel, cannot help him. For it is expressly charged to be a challenge to fight a duel. Whether it was so or not, was a question for the jury.
When they, by their verdict, found that it was, the allegation in the indictment is to be taken as true, and then upon its face enough appears to warrant judgment.
The motions are dismissed.
Richardson, Evans and Bdtler, JJ. concurred.